# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ASKAR SALEH AMER ALI,

                                   Plaintiff,

-vs-

                                    DECISION & ORDER
ERIC HOLDER, *Attorney General of the United*    09-CV-6271-CJS
*States*, *et al.*

                                   Defendants.

## APPEARANCES

For Plaintiff:                     Santosh K. Pawar, Esq.
                                      65 Eaglewood Circle
                                      Pittsford, NY 14534
                                      (585) 264-1649

For Defendants:               Gail Y. Mitchell, A.U.S.A
                                      United States Attorney's Office
                                      Federal Centre
                                      138 Delaware Avenue
                                      Buffalo, NY 14202
                                      (716) 843-5833

## INTRODUCTION

**Siragusa, J.** This immigration case is before the Court on Plaintiff's motion (Docket No. 3) for an entry of default against the Attorney General, and Defendants' motion (Docket No. 4) to dismiss for lack of proper service. For the reasons stated below, Plaintiff's motion is denied, and Defendants' motion is granted.

## BACKGROUND

On May 26, 2009, Plaintiff filed a complaint for judicial review and a *de novo* hearing on his application for naturalization with this Court. Thereafter, Plaintiff's counsel made a number of mailings of the complaint using the United States Postal Service and requested delivery confirmation for each mailing. (Docket No. 2.) Using the Postal Services Track & Confirm service, Plaintiff's counsel obtained delivery notifications for each of the mailings, which were to the following entities or individuals on the dates indicated for each:

> 1. Office of U.S. Attorney General, U.S. Dept. of Justice, 950 Pennsylvania Ave NW, Washington DC 20530; 06/23/2009
>
> 2. Office of Immigration Litigation, U.S. Dept. of Justice, Civil Div, 1331 Pennsylvania Ave NW, Washington DC 20004 06/23/2009
>
> 3. Office of General Counsel, U.S. Dept. of Homeland Security, Mail Stop 3650. Washington DC 20528-0001; 06/23/2009
>
> 4. District Director, BCIS, Vermont Service Center, 75 Lower Welden Street, Saint Albans, VT 05479; 06/22/2009
>
> 5. Office of U.S. Attorney, 100 State Street, Rochester, NY 14614-1350; 06/22/2009
>
> 6. Commissioner, BCIS, 425 Eye Street NW, Washington DC 20536 06/23/2009
>
> 7. Francis Holmes, District Director, BCIS, 130 Delaware Avenue, Buffalo, NY 14202. 06/23/2009

(Docket No. 2, at 1; Docket No. 3 ¶ IV.) Plaintiff's counsel then moved for entry of a default on December 14, 2009. (Docket No. 3.) The following day, Defendants moved to dismiss. (Docket No. 4.) Defendants contend that,

> Neither plaintiff nor his counsel claim that plaintiff served any of these entities by registered or certified mail, and there is no evidence of such service in the docket or in the records of the United States Attorney or the Attorney General. See Mitchell Aff., ¶¶ 5-8. In addition, there is no claim that the summons and complaint were delivered to the Office of the United States Attorney.

(Docket No. 4, at 3.)

On December 18, 2009, the Court issued a motion scheduling order setting December 30, 2009, as a return date for both motions. (Docket No. 6.) To date, Plaintiff has not filed any response to the motion to dismiss.

## STANDARDS OF LAW

### *Motion to dismiss*

The standards of law with regard to dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process were summarized by the court in *Prokopiou v. Long Island R. Co.*, No. 06 Civ. 2558 KNF, 2007 WL 1098696 (S.D.N.Y. Apr. 9, 2007):

> "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[T]he proper provision to challenge 'the mode of delivery or the lack of delivery of the summons and complaint'" is Fed. R. Civ. P. 12(b)(5). *Bellis v. Tokio Marine and Fire Ins. Co.*, No. 93 Civ. 6549, 2002 WL 193149, at *15 (S.D.N.Y. Feb. 7, 2002) (quotation omitted). Where the sufficiency of service of process is challenged, the plaintiff bears the burden of proving its adequacy. *See Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002). "[I]n considering a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(5) for insufficiency of [service of] process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. Daimlerchrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

*Prokopiou*, 2007 WL 1098696, *5.

### *Service requirements*

Federal Rule of Civil Procedure 4(i) governs service on the United States. That rule requires the following:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant

> United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1) & (2) (2007). The time limit for service is set by Rule 4(m) and requires service on the defendant within 120 days. In addition, Rule 4(m) directs the Court to dismiss an action without prejudice if service is not made within that time period, "or order that service be made within a specified time." *Id*. In addition, the Rule provides that, "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." *Id*.

The requirement to use certified or registered mail is specifically written in the Rule. The United States Postal Service defines registered mail in its Domestic Mail Manual as follows:

> Registered Mail is the most secure service that the USPS offers. It incorporates a system of receipts to monitor the movement of the mail from the point of acceptance to delivery. Registered Mail provides the sender with a mailing receipt and, upon request, electronic verification that an article was delivered or that a delivery attempt was made. Customers can retrieve the delivery status in three ways: (1) over the Internet at www.usps.com by entering the article number shown on the mailing receipt; (2) by telephone at 1-800-222-1811; or (3) by bulk electronic file transfer for mailers who provide an electronic manifest to the USPS. USPS maintains a record of delivery (which includes the recipient's signature) for a specified period of

time. Customers may obtain a delivery record by purchasing return receipt service.

DMM 503 § 2.2.1. Likewise, the Domestic Mail Manual defines certified mail:

> Certified Mail service provides the sender with a mailing receipt and, upon request, electronic verification that an article was delivered or that a delivery attempt was made. Customers can retrieve the delivery status in three ways: (1) over the Internet at www.usps.com by entering the article number shown on the mailing receipt; (2) by telephone at 1-800-222-1811; or (3) by bulk electronic file transfer for mailers who provide an electronic manifest to the USPS. Certified Mail is dispatched and handled in transit as ordinary mail. Delivery of Certified Mail is subject to 508.1.0 and 508.2.0. No insurance coverage is provided. USPS maintains a record of delivery (which includes the recipient's signature) for a specified period of time. Customers may obtain a delivery record by purchasing return receipt service.

DMM 503 § 3.2.1.

*Local rule*

Western District of New York Local Rule of Civil Procedure 7.1 states in pertinent part the following:

> (c) Except for papers filed in connection with a summary judgment motion, the timing for which is set forth in Rule 56.1(e), a moving party who wishes to file reply papers shall file and serve the notice of motion and supporting papers at least fifteen business days prior to the return date of the motion. The notice of motion shall also state that the moving party intends to file and serve reply papers and that the opposing party is therefore required to file and serve opposing papers at least eight business days prior to the return date. Reply papers shall be filed and served at least three business days before the return date. Under all other circumstances, and except as ordered otherwise by the Court, notices of motion together with supporting affidavits and memoranda shall be served on the parties and filed with the Clerk at least ten business days prior to the return date of the motion. Answering affidavits and memoranda shall be served and filed at least three business days prior to the return date. Sur-reply papers shall not be permitted unless otherwise ordered by the Court.

W.D.N.Y. Loc. R. Civ. P. 7.1(c) (2003).

## ANALYSIS

The proof before the Court on the motions shows that no defendant was personally served, and no defendant was served by "certified" or "registered" mail. The complaint was filed on May 29, 2009, and thus, service was due by September 26, 2010. As the Honorable Richard J. Arcara observed in *Mused v. U.S. Dept. of Agriculture Food and Nutrition Service*, 169 F.R.D. 28 (W.D.N.Y. 1996):

> Federal courts have generally held that, when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service. *National Union Fire Ins. Co.*, 1994 WL 463009, at *3. "[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." Id. at *4. "Creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect." *Alexander v. Forest City Pierrepont Assoc.*, No. 94 Civ. 3961, 1995 WL 406135, at *3 (E.D.N.Y. June 26, 1995).

*Mused*, 169 F.R.D. at 33. In *Mused*, the plaintiff's counsel served the Federal agency involved and the Attorney General by certified mail, but "did not serve or attempt to serve the United States Attorney…." Here, Plaintiff's counsel's failure to respond to Defendant's motion to dismiss, as required by the Local Rule and this Court's motion scheduling order, does not permit the Court to make a finding of good cause for the failure to make proper service. Consequently, under the circumstances presented in this case, the Court declines to extend the time for service as an exercise of its jurisdiction.

As was the case in *Mused*, Plaintiff's counsel's failure to serve the complaint in the manner required by Federal Rule of Civil Procedure 4(i) precludes a finding of personal jurisdiction over Defendants. *See Leon v. Ashcroft*, No. 03 Civ. 3680(LAK), 2003 WL 22937684 (S.D.N.Y. Dec. 11, 2003) ("Service on the United States requires, among other

things, delivery of copies of the summons and complaint to the United States Attorney. Fed.R.Civ.P. 4(i)(1)(A). There is no suggestion that plaintiff ever served the United States. In consequence, the Court never acquired personal jurisdiction over the defendants.").

## CONCLUSION

Because the Court does not have personal jurisdiction over Defendants due to Plaintiff's counsel's failure to properly serve them within 120 days of the initiation of this lawsuit, Defendants' motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(5). The dismissal is without prejudice.

IT IS SO ORDERED.

Dated: January 15, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge